Warner, Chief Justice.
This case came before the Court and was decided on an agreed statement of facts. On the 11th day of April, 1870, at Rome, Georgia, T. J. Cox, and E. O. Cox, his wife, executed and de- ■ livered the following instrument: “On or before the 1st day of November next, we, or either of us, promise to pay to the order of Griffith, Clayton & Company, at their office in Rome, Georgia, $502 50, for five tons of soluble guano, and one ton of Dixon’s Compound, with interest from date, and we promise and agree to deliver to them, for storage and sale, our cotton crop made on our plantation in Alabama, this year, as soon as it is made ready for market, value received.” It *was admitted that the cotton was made on the defendant’s plantation in Alabama, and shipped by them on steamboat, consigned to Griffith, Clayton & Company, on the 4th of January, 187.1, that the cotton arrived in Rome the day after it was shipped, and on its arrival there, was levied on by an attachment sued out by the plaintiffs, as the property o’f Cox. The plaintiff’s demand was admitted to be correct, and was founded on the following instrument:
“Rome, Georgia, August 25th, 1869.
“Received of J. M. Elliott & Company $300 00, advanced on my present crop of cotton, which I promise to ship to them for *33 sale, on my default, rate of interest one and one-fourth per cent, per month. (Signed) T. J. Cox.”
The cotton was claimed by Griffith, Clayton & Company, and the question was, whether it was subject to the plaintiff’s attachment, or whether the claimants, as factors in possession, had a lien on the cotton for their advances made to Cox, under the before recited instrument. The Court decided that they were in possession of the cotton, and were entitled to claim their lien thereon for their advances made to Cox and wife, as specified in the contract. Whéreupon, the plaintiffs excepted. The questions made in this case were substantially decided in Wade & Company vs. Hamilton et al., 30 Georgia Reports, 450. It is true, that the words in the agreement in that case, were that the factors were to “reimburse” themselves out of the proceeds of the cotton promised to be forwarded to them by Hamilton, which words are not in tire written contract in this case, hut, in our judgment, taking into consideration the relative position of the parties at the time the contract was made as well as the character of the advances made by the factors, that it was intended by them that .the cotton should be delivered to Griffith, Clayton & Company, as the factors of Cox and wife, for storage and sale, in order that they might reimburse themselves out of the proceeds of the sale thereof, for the advances which 'they had made to them, and such we think is a fair interpretation of the contract. The case of Wade & *Company vs. Hamilton decides -that the delivery of the cotton to the' carrier, con-signed to Griffith, Clayton & Company, was a delivery to them, and, therefore, they were in possession of. the cotton as factors of Cox. The plaintiff’s claim was for advances made on the crop .of 1869, and not on the crop of 1870. It is advisable in all cases where factors make advances to planters on the faith of theif -crops being sent to them for storage and sale, to reimburse themselves out of the proceeds thereof, that the terms of their contract should be definite and explicit. We confine our judgment in this case, in the interpretation of this contract to the relation of factor and planter, for advances made on the faith of the crop of the latter.
Ret the judgment of the Court below be affirmed..